United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40359
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ABELARDO TREJO-SEGURA,
also known as Antonio Trejo-Segura,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-778-1
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Abelardo Trejo-Segura (Trejo-Segura) appeals his conviction

and sentence for being an alien unlawfully found in the United

States after deportation after having been convicted of an

aggravated felony in violation of 8 U.S.C. § 1326 (a) & (b).

     For the first time on appeal, Trejo-Segura argues that

8 U.S.C. § 1326(b) is unconstitutional on its face and as applied

in his case because it does not require the fact of a prior

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt.  He argues further that because his indictment did not allege the fact of his prior aggravated felony conviction as a separate element of the offense, the indictment charged him only with an offense under 8 U.S.C. § 1326(a) rather than 8 U.S.C. § 1326(b), and his maximum punishment is limited to two years.

Trejo-Segura acknowledges that his arguments are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but wishes to preserve the issues for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  Thus, we must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Accordingly, Trejo-Segura's arguments are foreclosed, and his conviction and sentence are AFFIRMED.